**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-2066**

MWAZINDO KUDRA MAJALIWA,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals
(A78-603-579)

Submitted: May 30, 2007          Decided: July 9, 2007

Before MICHAEL and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Petition denied by unpublished per curiam opinion.

Kell Enow, LAW OFFICE OF ENOW AND PATCHA, Silver Spring, Maryland,
for Petitioner. Peter D. Keisler, Assistant Attorney General, M.
Jocelyn Lopez Wright, Assistant Director, J. Max Weintraub, Office
of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mwazindo Kudra Majaliwa, a native and citizen of Tanzania, petitions for review of an order of the Board of Immigration Appeals ("Board"), affirming without opinion the immigration judge's denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture. Because the Board affirmed under its streamlined process, see 8 C.F.R. § 1003.1(e)(4) (2006), the immigration judge's decision is the final agency determination. See Camara v. Ashcroft, 378 F.3d 361, 366 (4th Cir. 2004).

In her petition for review, Majaliwa maintains that she met her burden of proving her eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478 (1992). We have reviewed the evidence of record and conclude that Majaliwa fails to show that the evidence compels a contrary result.

Additionally, we uphold the denial of Majaliwa's request for withholding of removal under 8 U.S.C. § 1231(b)(3) (2000). "Because the burden of proof for withholding of removal is higher than for asylum — even though the facts that must be proved are the same — an applicant who is ineligible for asylum is necessarily

ineligible for withholding of removal." <u>Camara</u>, 378 F.3d at 367. Because Majaliwa fails to show that she is eligible for asylum, she cannot meet the higher standard for withholding of removal. In addition, we uphold the finding that Majaliwa failed to establish that it was more likely than not that she would be tortured if removed to Tanzania. <u>See</u> 8 C.F.R. § 1208.16(c)(2) (2006).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>